ROSENTHAL & GROSZ,
          Appellants,

          vs.                              No. 7352.

W. T. JAY,
          Appellee.

Nov. 11th. 1918.

Plaintiffs claim compensation as architects for services rendered the defendant. They allege that they were engaged by the defendant W. T. Jay to draw up plans and specifications for certain additions and alterations to premises owned by said Jay which he desired to convert from homes to apartment houses; that they drew up plans and specifications which were accepted by the said W. T. Jay; that under the instructions of Jay they submitted said plans and specifications to several contractors for bids; that the lowest bid received was $15750.80; that Jay rejected all the bids; that the usual charge of architects for making such plans and specifications is five per cent of the lowest bid; that petitioners are therefore entitled to the sum of $787.40 as compensation for their services which Jay refuses to pay.

The defendant, Jay, answered that he had consulted the plaintiffs with a view of making certain additions and alterations to premises owned by him, and authorized the plaintiffs to make plans and specifications therefor, with the distinct understanding that they were not to cost more than $8000.00; that the plaintiffs prepared said plans and specifications and called for bids; that, as alleged by petitioners, the lowest bid was for $15750.00 which the defendant refused to accept.

There was judgment for defendant and plaintiffs have appealed.

The plaintiff, Grosz, and the defendant Jay agree upon the following facts: Jay was owner of two two story double houses; he desired to convert them into an eight

apartment building; he prepared a rough sketch embodying
his idea of what he wanted; he brought this sketch to the
plaintiffs, and asked them to make a sketch embracing the
alterations and additions he contemplated; the plaintiffs
proceeded to the two houses to be altered and took measures
and descriptions of the interior and exterior distributions;
they then prepared a sketch and submitted it to the defendant;
the defendant was not satisfied with this sketch, and drew
himself another sketch different from the first one; on the
bottom of this sketch he wrote the words: "Something on this
style should be done around five thousand. Porch 30 x 38-
1140 sq. ft. - new Bldg. and the porches". Signed W. T. J.
The plaintiffs drafted a second sketch to meet the exigencies
of the defendant's last sketch. They submitted to him still
a third sketch which did not satisfy him. The defendant
then drew and sent to the plaintiffs his third sketch drafted by
himself. They then drew a fourth sketch to meet the "sugges-
tions" contained in defendant's sketch. In the language of
the defendant: "there were a lot of these sketches from time
to time, to try and arrive at some final decision". At last
the plaintiffs drew a sketch which met with defendant's ap-
proval. But this sketch had drifted away from the modest
proportions of the original sketches, and all the parties
knew that the cost of making the work contemplated by each
successive and enlarged sketch would exceed $5000.00.

At this point the testimony of the plaintiffs and
of the defendant ceases to agree. The defendant testifies
that, just then, he told the plaintiffs:"if you can do this
work for $7000.00, you can go ahead, if you are willing to
risk your time on that figure; you can go ahead and complete
the plans". And they said they were willing to do it, and
went ahead, and got out the blue print we had here x x x
When these were finished, the questions of an automatic
heater came up, and I said " I will tell you what I will do:
I did not intend to spend more then $7000.00 but I am willing

25

to go now and give you a chance to put the deal through for $8000.00, and not a cent more, and that must include your commission".

James J. Bazin testifies: "The limit, including architect's fee, was $8000.00". But he does not specify when that limit was put, whether it was at this stage or afterwards.

After the last sketch had been accepted by the defendant, the plaintiffs proceeded to make the blue prints, and the plans and specifications for the work to be done. They testify that it was only then that the defendant informed them that he would not pay more than $8000.00.

Assuming for the purposes of the decision of this case the truth of the testimony of the defendant that he did not authorize the plaintiffs to make plans and specifications unless they could do the work for $8000.00, the fact remains that defendant employed the plaintiffs to make sketches for him for the contemplated alterations; that the plaintiffs made a series of sketches, and had a number of consultations with the defendant; that if we concede that $5000.00 was the limit of cost which he first put upon the work, at his own suggestion, improvements and additions were put upon the successive sketches made for him, which he was well aware were to increase the cost which he spontaneously raised to $7000.00. He was asked "Then you knew, when you consulted these different plans, and consulted with the architects, that your original estimate was abolished, and it would cost more than $5000.00 in the end". He answered: "Yes, sir, and I raised it on that account".

The defendant therefore unquestionably owes the plaintiffs the value of their services up to the completion and acceptance of the last sketch.

We shall take as the basis of compensation the sum of $8000.00 as the price of the work authorized by the defendant. According to the testimony of the plaintiffs, their work, including the plans and specifications, calculated upon that

amount would have been worth $400.00. We value the services rendered by the plaintiffs, up to the making of the blue prints, plans and specifications, even although the sketches were not used, in the absence of agreement to the contrary, - 106 La. 601 - at one half or Two Hundred dollars.

It is therefore ordered, that the judgment of the District Court be reversed and annulled; and it is now ordered that there be judgment in favor of the plaintiffs Rosenthal & Grosz and against the defendant W. T. Jay for the sum of Two Hundred dollars with five per cent per annum interest from October 18th, 1916 till paid and all costs of suit.

Judgment reversed.

November 11th, 1918.